CLD-162                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3576
_____

PRINCE ISAAC,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-02397)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 27, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Prince Isaac, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's grant of summary judgment for defendants.  For the reasons that follow, we will summarily affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history.  Isaac is a federal prisoner who suffers from osteochondroma, a severe bone abnormality that impacts several parts of his body, including his left arm.  The condition inhibits Isaac's range of motion and causes him extreme pain when his arm is moved backwards.  While incarcerated at USP Allenwood, medical personnel at USP Allenwood authorized Isaac for several medical accommodations, known as "MDS restrictions," including a profile for a bottom bunk, specialized medical shoes, and a requirement that security staff only handcuff Isaac in front of his body, rather than behind his back.

Isaac was transferred to USP Lewisburg in June 2015.  A physician's assistant at USP Allenwood prepared a medical transfer form[1] which noted Isaac's condition and MDS restrictions, including that he be handcuffed only in the front.  Upon arrival at USP Lewisburg, medical staff reviewed his medical condition and MDS restrictions and

---

[1] The medical transfer form provides relevant medical information for a prisoner's assessment at the receiving institution.  According to Defendant's undisputed assertions, prior MDS restrictions are not binding on a receiving institution and can be reviewed or updated based on a physician's assessment.

concluded that Isaac continue to be assigned a bottom bunk and specialized shoes. The USP Lewisburg medical staff did not include the front handcuff accommodation among Isaac's MDS restrictions. Isaac was subsequently transferred back to USP Allenwood and later to USP Coleman, in Florida. His MDS restrictions were reviewed each time and Isaac was not granted the front handcuff accommodation at either prison.

In December 2016, Isaac filed an administrative tort claim with the Bureau of Prisons. Isaac alleged that he suffered injuries to his arm because of being handcuffed behind his back rather than in front while at USP Lewisburg. His claim was denied, with the BOP concluding that Isaac had no MDS restriction for front handcuffing during the alleged period.

In December 2017, Isaac filed a complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq, alleging that correctional officers at USP Lewisburg negligently refused to follow his front handcuff MDS restriction and instead handcuffed him behind his back.

The Government filed a motion for summary judgment and supporting materials, asserting that Isaac failed to file his FTCA complaint within six months of the denial of his administrative tort claim and, alternatively, that the United States had no duty to handcuff Isaac in the front while he was incarcerated at USP Lewisburg. The District Court determined that Isaac had timely filed his complaint but had failed to present any evidence to support his assertion that the United States had a duty to handcuff him in the front while

3

he was at USP Lewisburg. The District Court granted the Government' motion for summary judgment. Isaac timely filed his notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriately granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III

We agree with the District Court's grant of summary judgment for the Government. As the Government argued, and the District Court found, the record contained no evidence that correctional officers at USP Lewisburg had a duty to handcuff Isaac in the front while he was incarcerated at the facility.

The FTCA allows claims to be brought against the United States for torts committed by federal employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1); Molzof v. United States, 502 U.S. 301,

4

305 (1992). These claims include damages for injury caused "by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). Because Isaac alleged the acts of negligence occurred at USP Lewisburg, Pennsylvania law applies. 28 U.S.C.A. § 1346(b)(1); see Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003).

To establish negligence under Pennsylvania law, the plaintiff must show: (1) that the defendant owed him "a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Pittsburgh Nat'l Bank v. Perr, 431 Pa.Super. 580, 637 A.2d 334, 336 (1994). In support of its motion for summary judgment, the Government produced evidence that showed Isaac did not have a front handcuff MDS restriction while at USP Lewisburg. This included evidence that Isaac was examined by medical staff at USP Lewisburg who were aware of his medical condition and the previous front handcuff restriction but nonetheless did not authorize the front handcuff MDS restriction during their clinical assessment of his medical needs. Additionally, the restriction was not documented in Isaac's transfer records to USP Allenwood or USP Coleman and was not noted in his medical records concerning his MDS restrictions at either of the subsequent facilities. Isaac did not rebut this evidence.

Accordingly, we agree with the District Court's conclusion that "[w]hile it is regrettable that Plaintiff may have experienced pain from being cuffed in the back, it is also clear as a matter of law that the correctional officers at USP Lewisburg were under no duty to cuff Plaintiff in the front only." (See District Court Dec. 1, 2020 Mem. at 9).

5

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.